IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT R. HARPER,

           Plaintiff,

v.                             CIVIL ACTION NO. 2:10-cv-01273

BRUCE F. HAUPT, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are a Motion to Dismiss for Lack of Personal Jurisdiction [Docket 11] and a Motion for Transfer of Venue [Docket 14], both filed by the defendant Cleveland Clinic Foundation (the "Cleveland Clinic"). For the reasons provided below, the motions are **DENIED**.

**I.**    **Background**

This case concerns allegations of medical malpractice lodged by the plaintiff, Robert Harper, against the Cleveland Clinic. In February 2009, the plaintiff sought out physicians from the Cleveland Clinic for a second opinion concerning pain that he was suffering in his left knee. The plaintiff underwent surgery that same month at the Cleveland Clinic's main campus in Cleveland, Ohio. The plaintiff maintains that the defendant's employees acted negligently, thereby damaging his sciatic nerve and causing him paralysis and pain.

On December 18, 2009, the plaintiff brought this action in the Circuit Court of Kanawha County, West Virginia. He named as defendants the Cleveland Clinic, a West Virginia physician, and a West Virginia orthopedics clinic. After the non-diverse parties were dismissed by the Circuit

Court, the Cleveland Clinic filed a timely notice of removal in this court, asserting diversity of citizenship jurisdiction under 28 U.S.C. § 1332. The Cleveland Clinic has now moved to dismiss for lack of personal jurisdiction and, in the alternative, has moved to transfer venue to the Northern District of Ohio. The plaintiff has opposed both motions and the Cleveland Clinic has replied. The matter is now ripe for review.

As for jurisdiction, the parties agree that because the plaintiff's tort claim does not arise out of any contacts with West Virginia, the only question is whether the Cleveland Clinic's contacts with West Virginia are sufficient to enable to the court to exercise "general jurisdiction." The Cleveland Clinic argues that its only contacts with West Virginia are two physicians operating out of a Charleston office as part of the Cleveland Clinic's kidney treatment and transplant practice. Because it maintains the Charleston office, the Cleveland Clinic is registered to do business with the West Virginia Secretary of State and has also named a registered agent for service of process in this state. The Cleveland Clinic asserts, however, that it does not advertise the Charleston location on its website, a print-out of which the Cleveland Clinic has attached an exhibit to its motion. It further maintains that the Charleston location never treated or provided any other care to the plaintiff. Nevertheless, the plaintiff counters that this type of permanent contact is the kind of continuous and systematic contact that is sufficient to enable the court to exercise personal jurisdiction over the defendant even with respect to those acts and omissions that occur outside of West Virginia.

With regard to venue, the Cleveland Clinic maintains that venue would be more convenient in the Northern District of Ohio, as that is where the events in question took place and where a significant number of its witnesses are located. It also argues that a transfer of venue would be more convenient because liability will be determined in accordance with Ohio law. The plaintiff, on the

-2-

other hand, contends that his choice of forum should be accorded considerable weight, and that the Southern District of West Virginia will be at least equally convenient, as he suffers from a physical disability making travel difficult and a significant number of his witnesses are located here (or outside of the Northern District of Ohio, rendering this factor neutral).

## II.     Standard of Review

When a defendant moves to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, "the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant by a preponderance of the evidence." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp*, 416 F.3d 290, 294 (4th Cir. 2005).  When the court addresses the jurisdictional question based on the "motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Id.*   In those circumstances, "courts must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* (internal quotation marks omitted).

Under 28 U.S.C. § 1404(a), venue can be transferred to another judicial district "[f]or the convenience of parties and witnesses, in the interest of justice." *Id.*  The party seeking a transfer — here, the defendant — bears the burden of showing the propriety of transfer.  *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc*., 599 F.3d 102, 113-14 (2d Cir. 2010).  The plaintiff's choice of forum is accorded great weight. *Vass v. Volvo Trucks N. Am., Inc.*, 304 F. Supp. 2d 851, 857 (S.D. W. Va. 2004) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Thus, "a transfer motion

will be denied if it would merely shift the inconvenience from the defendant to the plaintiff." *AFA Enter., Inc. v. Am. States Ins. Co.*, 842 F. Supp. 902, 909 (S.D. W. Va. 1994).

**III.   Analysis**

    **A.   Personal Jurisdiction**

Federal courts sitting in diversity customarily apply a two-step process in assessing whether personal jurisdiction can be exercised over a non-resident defendant. First, the court must determine whether the long-arm statute of the state in which the federal court sits authorizes exercising jurisdiction over the defendant. Second, the court must determine whether exercising personal jurisdiction over the defendant would comport with the Due Process Clause. *In re Celotex Corp.*, 124 F.3d 619, 627 (4th Cir. 1997). Because the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary in this case to go through the two-step formula for determining the existence of personal jurisdiction. *Id.* at 627-28. Rather, the statutory inquiry merges with the constitutional inquiry, and the analysis centers simply on whether exercising personal jurisdiction over the defendant is consistent with the Due Process Clause.

Exercising personal jurisdiction over a non-resident defendant is consistent with the Due Process Clause if the defendant has sufficient "minimum contacts" with the forum such that requiring the defendant to defend a lawsuit in the forum would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). The appropriate standard for assessing "minimum contacts" depends on whether the defendant's contacts with the forum also provide the basis for the suit. *See Carefirst of Md. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 397 (4th Cir. 2003). When the contacts in question provide the basis for the suit, courts may exercise what is known as "specific jurisdiction." *Id.* If the defendant's contacts with

the forum do not provide the basis for the suit, such as the case here, a court may only exercise "general jurisdiction." *Id.* General jurisdiction requires a higher threshold of contacts with the forum, and is appropriate only where the defendant's contacts with the forum are "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984).

Applying the principle of general jurisdiction requires navigating between two Supreme Court mileposts: *Helicopteros*, in which the Court found general jurisdiction lacking, and *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952), in which the Court found it satisfied. In *Perkins*, an Ohio court exercised personal jurisdiction over a Philippine corporation that was operating in Ohio as its "home away from home" during the Japanese occupation of the Phillippines. *See* 342 U.S. at 438, 445. The president of the company kept an office in Ohio, where he maintained files, held meetings, and carried on correspondence. These contacts convinced the Court that the foreign company was "carrying on in Ohio a continuous and systematic, but limited, part of its general business," thus justifying exercising personal jurisdiction over the defendant. *Id.* at 438. In *Helicopteros*, by contrast, the defendant never had an office in the State of Texas, never was authorized to perform business in Texas, never had a registered agent for service of process, and never had an employee based there, performed any services there, or sold any product there. *See* 466 U.S. at 411. In short, the Court found that the defendant's fleeting contacts with Texas did not "constitute the kind of continuous and systematic general business contacts the Court found to exist in *Perkins*." *Id.* at 416.

In interpreting these two cases, the Fourth Circuit has been careful to distinguish a distinct set of cases in which the asserted exercise of jurisdiction was premised on the presence of sales and solicitation agents within the forum. *See, e.g.*, *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617,

624 (4th Cir. 1997); *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993), *Ratliff v. Cooper Labs, Inc.*, 444 F.2d 745, 748 (4th Cir. 1971). In each of these cases, the Fourth Circuit rejected the notion that a court could exercise general jurisdiction when the defendant's only activities in the forum consisted of sending salespersons into the state to promote products, solicit sales, and engage in advertising. *ESAB*, 126 F.3d at 624; *Nichols*, 991 F.2d at 1200; *Ratliff*, 444 F.2d at 748; *see also Faulkner v. Carowinds Amusement Park*, 867 F. Supp. 419, 423 (S. D. W. Va. 1994) (following the rationale of these cases in finding general jurisdiction lacking). These holdings are consistent with earlier pronouncements from the Supreme Court cautioning that advertising and solicitation, even when coupled with the defendant's agents making actual visits to the forum, are insufficient contacts to confer personal jurisdiction over a non-resident defendant. *See Rosenberg Bros. & Co. v. Curtis Brown Co.*, 260 U.S. 516, 518 (1923); *People's Tobaco Co. v. Am. Tobacco Co.*, 246 U.S. 79, 87 (1918).

None of these cases, however, concerned the continuous operation of a permanent office in the forum as a place from which the defendant's employees can perform ongoing services for customers. In this case, the Cleveland Clinic appears to have two doctors who operate full-time out of a permanent office in West Virginia.[1] Because of that office, the Cleveland Clinic has registered to do business in West Virginia with the Secretary of State's Office as "Cleveland Clinic Medical Services Inc." The Cleveland Clinic does not suggest that either the two physicians operating here

---

[1] The Cleveland Clinic emphasizes that the plaintiff's knee operation was wholly unrelated to the kidney treatment services performed at the Charleston office. That analysis is misplaced, however, as this case does not concern specific jurisdiction. Rather, it is always true in the context of general jurisdiction that the plaintiff's claim is unrelated to the defendant's contacts with the forum. *See Helicopteros*, 466 U.S. at 414 n.9.

or the business office licensed with the Secretary of State are somehow legally distinct from the main Cleveland Clinic campus in Ohio.

Further, the Cleveland Clinic points the court to its website in arguing that it does not advertise — or even publicly list — its West Virginia office. (Mem. Law. Supp. Mot. Dismiss [Docket 12], at 6.) Without deciding whether an examination of the website is appropriate at this juncture, the court notes that the Cleveland Clinic's characterization of its website appears to be incorrect. The website offers a list of "locations" for the Glickman Urological and Kidney Institute. Included on the list under the heading "Additional Locations," is the Charleston Area Medical Center in Charleston, West Virginia.[2] In addition, when one performs a search for physicians by location, "West Virginia" is one of the many choices offered in the drop-down menu, and selecting "West Virginia" displays the two Charleston physicians, whose work "location" is described as "Charleston Urology Office."[3]

The Cleveland Clinic also relies on two additional categories of cases, both of which are inapposite to the court's holding. First, it asserts that the mere act of naming a registered agent for service of process in a state does not subject a corporation to general jurisdiction. That may be the case, *see Ratliff*, 444 F.2d at 748, but the Cleveland Clinic has done far more than merely naming an agent for service of process. It is operating a permanent business office here that is staffed with employees who provide services to the public . *See Reynolds & Reynolds Holdings v. Data Supplies*, 301 F. Supp. 2d 545, 551 (E.D. Va. 2004) ("A nonresident corporation consents to

---

[2] http://my.clevelandclinic.org/Documents/Urology/Glickman_Urological_Institute_Locations_2009.pdf (last visited Feb. 8, 2011).

[3] http://my.clevelandclinic.org/staff_directory/location_search.aspx (last visited Feb. 8, 2011).

jurisdiction in a state's courts by actually doing business in that state, not simply by fulfilling a state-law requirement that it register and appoint an agent for service of process so that it could potentially do business there.").

Second, the Cleveland Clinic maintains that its maintaining of a "passive" website cannot subject it to general jurisdiction in West Virginia. *See, e.g.*, *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002). The court also agrees with this general principle, but no part of the holding today depends on the operation of a "passive" website. Rather, the holding turns on the fact that, by doing business here, the Cleveland Clinic has purposefully availed itself of the jurisdiction of West Virginia's courts. Indeed, the website is relevant to the court's analysis only insofar as it completely undercuts the Cleveland Clinic's assertion that it does not maintain a publicly advertised office here.

Having found that the plaintiff has made a *prima facie* showing that the Cleveland Clinic has sufficient minimum contacts with West Virginia, the court need only briefly address whether that exercise of jurisdiction would otherwise be constitutionally reasonable. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). At this point, the burden shifts to the defendant to "present a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Id.* at 477. The factors commonly considered as part of this analysis include (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the importance of the chosen forum to the plaintiff's interest in obtaining relief; (4) the most efficient forum for judicial resolution of the dispute; and (5) the "shared interest of the several States in furthering fundamental substantive social policies." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). The Cleveland Clinic has not presented a compelling case that any of these factors

would render the exercise of jurisdiction in this case constitutionally unreasonable. Put simply, West Virginia has a strong interest in protecting its citizens from injuries, and the Cleveland Clinic has made no showing that it would suffer a burden from defending this lawsuit that would be of constitutional import.

Accordingly, the court **DENIES** the Cleveland Clinic's Motion to Dismiss for Lack of Personal Jurisdiction.

### B. Transfer of Venue

The decision whether to transfer a matter to another district is committed to the sound discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Brock v. Entre Computer Ctrs, Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991). In deciding whether to transfer a case under § 1404(a), a court must first determine whether the action "might have been brought" in the transferee district. 28 U.S.C. § 1404(a). If so, then the court must "weigh in the balance a number of case-specific factors.'" *Vass v. Volvo Trucks N. Am., Inc.*, 304 F. Supp. 2d 851, 857 (S.D. W. Va. 2004) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The factors usually considered in ruling on a transfer motion include: (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice. *Id.*; *see also AFA Enter., Inc. v. Am. States Ins. Co.*, 842 F. Supp. 902, 909 (S.D. W. Va. 1994).

The parties devote much of their papers to the convenience of the parties and the witnesses, with the Cleveland Clinic asserting that all of the key fact witnesses (save for the plaintiff) are located in the Northern District of Ohio. Moreover, the Cleveland Clinic asserts that, because

Ohio's substantive law will govern this case, a transfer of venue would be more convenient. The plaintiff disagrees. He maintains that other fact witnesses reside in the Southern District of West Virginia, and that other witnesses are located outside of both districts, rendering this factor neutral. He further emphasizes the importance of his choice of forum and the great inconvenience that a transfer will cause him due to his physical disability.

Having considered all of the factors set forth in *Vass*, the court concludes that a transfer for convenience is unwarranted. First and foremost, the plaintiff's choice of forum is "accorded considerable weight," and a transfer motion "will be denied if it would merely shift the inconvenience from the defendant to the plaintiff." *Vass*, 304 F. Supp. 2d at 857. In addition, the court is unconvinced that the Cleveland Clinic will suffer any great hardship from litigating away from home in the neighboring state of West Virginia. Moreover, the court is hardly troubled by the prospect of having to apply the substantive law of Ohio to this matter. Unlike those cases presenting more intricate state-law issues, the court is confident in its abilities to navigate the contours of Ohio's law of medical negligence. In sum, and in light of all the factors above, the court **DENIES** the Motion for Transfer of Venue.

**IV.     Conclusion**

For the foregoing reasons, the court **DENIES** the Cleveland Clinic's Motion to Dismiss for Lack of Personal Jurisdiction [Docket 11] and **DENIES** the Motion for Transfer of Venue [Docket 14]. The court further notes that defendants Bruce F. Haupt, M.D., and Mountain Pride Orthopaedics, PLLC, were dismissed by the state court prior to removal. Thus, the court **DISMISSES** defendant Bruce F. Haupt, M.D., and defendant Mountain Pride Orthopaedics, PLLC, from this action and directs the Clerk to terminate both defendants from the docket sheet.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 9, 2011

Joseph R. Goodwin, Chief Judge